UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESUS GOMEZ-MORIN, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:14-CV-939-P (BF) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), this case has been referred to United States Magistrate Judge Paul D. Stickney. Before the Court is Defendant United States of America's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [D.E. 13]. For the following reasons, the undersigned recommends that the Court GRANT the government's motion.

**BACKGROUND**

On May 21, 2013, Jesus Gomez-Morin ("Gomez-Morin") was indicted in the United States District Court for the Northern District of Texas for knowingly possessing a firearm as an illegal alien in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2). *See* Indictment [D.E. 1 at 1]; No. 3:13-CR-175-P. Gomez-Morin pled guilty on July 31, 2013. *See* Minute Entry [D.E. 16]; No. 3:13-CR-175-P. On December 11, 2013, Gomez-Morin was sentenced to 15 months imprisonment. *See* J. [D.E. 27 at 2]; No. 3:13-CR-175-P. On March 6, 2014, Gomez-Morin filed a Motion for Return of Property seeking the return of a 2007 GMC Yukon and $15,500 in U.S. currency (the "Property"). *See* Mot. [D.E. 4 at 1]. Gomez-Morin contends that the Property was seized from him when he was arrested by Immigration and Customs Enforcement and seeks to

have the Property returned to him on the grounds that the Property is not contraband and does not bear any liens or other encumbrances. *See id.* [D.E. 4 at 2]. On July 7, 2014, the government filed its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. *See* Mot. [D.E. 13 at 1]. The government argues that Plaintiff's motion fails to state a claim because the government does not possess the Property Plaintiff seeks to have returned. *See* Def.'s Br. [D.E. 14 at 2-3]. Plaintiff failed to file a response to the government's motion.

## STANDARD OF REVIEW

### 1. Motion to Dismiss

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*, 224 F.3d at 498. A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Further, in resolving a Rule 12(b)(6) controversy, a court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Collins*, 224 F.3d at 498; *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68,

2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010)).

### 2. Motion for Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

### **DISCUSSION**

The government submits the declaration of Dallas Police Officer K.R. Dortch stating that a certified letter was sent by the Dallas Police Department to the registered owner of the 2007 GMC Yukon on March 18, 2013, but that the vehicle was subsequently set for auction because the certified letter remained unclaimed. *See* Def.'s App. [D.E. 15 at 9]. With respect to the U.S. currency Plaintiff seeks, the government contends that only $13,500 was seized from Plaintiff, as opposed to the $15,500 Plaintiff contends was seized from him. *See* Def.'s Br. [D.E. 14 at 2]; Pl.'s Mot. [D.E. 4 at

1]. Further, the government submits an Agreed Final Judgment of Forfeiture filed in the 160th Judicial District Court of Dallas County which states that $10,500.00 of the sum Plaintiff seeks to have returned was ordered to be forfeited to the State of Texas because it was contraband, and the remaining $3,000.00 was ordered to be returned to Plaintiff via a check mailed to Plaintiff's attorney of record, Matthew Toback. *See* Def.'s App. [D.E. 15 at 3]. Because the government points to evidence showing that the Property Plaintiff seeks to have returned is not in the government's possession and because Plaintiff failed to file a response disputing the government's contention, the undersigned recommends that the Court grant the government's motion and dismiss Plaintiff's case. *See Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007) ("If the district court finds that the government no longer possesses the currency Bailey seeks, his motion must be denied because the government cannot return property it does not possess . . . .").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** the government's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [D.E. 13].

**SO RECOMMENDED**, this 23rd day of January, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).